**In the Matter of MEDICAL ONE, INC., Debtor(s).**

**Bankruptcy No. 85–850.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 13, 1986.

Harley Riedel, Cindy Turner, Tampa, Fla. for debtor.

Eric E. Ludin, St. Petersburg, Fla., for Earl P. Myhree, M.D.

Norman Stallings, Jr. of Gibbons, Tucker, Miller, Whatley & Stein, P.A., Tampa, Fla., for International Medical Centers, Inc.

Mark R. Lewis, Larry M. Foyle, Tampa, Fla., for Stacy S. Loyd, D.O., P.A.

Robin Trupp, Tampa, Fla., for C & S X–Ray Systems.

## ORDER ON MOTION TO STRIKE OBJECTION TO CLAIM AND IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties of interest upon a Motion to Strike the Objection to Claim and to Impose Sanctions, filed by Earl P. Myhree, M.D. (Dr. Myhree), a claimant in the above-captioned Chapter 11 case. The Court considered the Motion together with the relevant record, heard argument of counsel, and now finds and concludes as follows:

Medical One, Inc., the Debtor (Debtor), filed its Petition for Relief under Chapter 11 of the Bankruptcy Code in this Court on April 8, 1985. The claim under challenge is a claim filed by Dr. Myhree in the amount of $400.00 on May 22, 1985.

On August 8, 1985, the Debtor filed its Plan of Reorganization. The Plan, submitted by the Debtor proposed that International Medical Centers, Inc. (IMC) will fund the Plan if confirmed and will accept and assume all obligations owed by the Debtor to Class 3 "medical providers," further defined by the Plan as any individual, group, company, or organization which fur-nished services or supplies to Gold Plus IMC patients. The Plan was confirmed by this Court on November 19, 1985.

On January 22, 1986, IMC filed 271 Objections to Claims, objecting to most, if not all, of the Class 3 claimants. Among others, IMC objected to Dr. Myhree's claim on April 3, 1986, on the basis that it was never a valid or enforceable claim against the Debtor. After IMC filed this objection, Dr. Myhree, through his attorney, contacted Norman Stallings, Jr., attorney for IMC, in an attempt to resolve the matter and offered documentation for his claim. When Mr. Stallings failed to respond to Dr. Myhree's request, Dr. Myhree filed the Motion to Strike Objection to his Claim and sought imposition of sanctions. This is the matter currently before this Court for consideration.

At the duly scheduled hearing on the motion filed by Dr. Myhree IMC filed a Notice of Withdrawal of Objection to Claim and represented to this Court that Dr. Myhree's claim in the amount of $400.00 would be paid immediately. Based on this, the Motion to Strike of Dr. Myhree is moot and the claim should be allowed as filed. This leaves for consideration the Motion to Impose Sanctions which, of course, is not rendered moot by the withdrawal of the objection.

Dr. Myhree asserts that the objection to his claim as well as to the other Class 3 creditors' claims was filed by IMC simply to harrass these creditors and in an attempt to discourage them from pursuing valid claims by resisting the objection filed by IMC. Dr. Myhree contends that IMC was very well aware that many of the Class 3 creditors who were not owed substantial amounts would not pursue their claims when faced with the need to hire an attorney and with the attendant need to expend more money in contesting IMC's objection, and that IMC's attempt to escape liability for claims it conceded were valid claims which it had unequivocally agreed to pay is in blatant violation of F.R.C.P. 11 and Bankruptcy Rule 9011.

Bankruptcy Rule 9011, which deals with signing and verification of papers, provides in pertinent part as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or good faith argument for extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. . . . If a document is signed in violation of this Rule, the Court on Motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

In *Calloway v. Marvel Entertainment Group*, 111 F.R.D. 637 (S.D.N.Y.1986) 9 *West's Federal Case News* No. 41 at 28 (Oct. 3, 1986) (not generally reported), the district court for the Southern District of New York concluded that under similar facts that the imposition of sanctions was warranted for bringing a totally meritless cause, and the sanction was to be borne equally by the attorney and by the client. There is no significant difference between the facts involved in *Calloway v. Marvel Entertainment Group, supra,* and this case. Counsel for IMC by his signature on the objection certified "that he read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law. . . ." Bankruptcy Rule 9011(a). There is hardly any question that had counsel for IMC conducted a reasonable inquiry he could have found out *before* he filed the objection that the claim asserted by Dr. Myhree is a valid claim. Moreover, when contacted by counsel for Dr. Myhree who offered documentation to establish the validity of the claim, he failed to respond to the offer, and it was not until the actual hearing when he withdrew the objection to the claim.

This Court is satisfied that IMC's objection to Dr. Myhree's claim was neither well grounded in fact nor was it legally tenable and was interposed solely for an improper purpose, specifically to cause creditors to relinquish valid, enforceable claims rather than to pay the cost of contesting IMC's objection. This record leaves no doubt that IMC's objections were filed to harass the claimants whom IMC had agreed to pay, and not in good faith, was not well grounded in fact or in law, and this harassment is clearly in contravention of B.R. 9011. For this reason this Court is satisfied that it is appropriate to grant the Motion to Impose Sanctions against Norman Stallings, counsel for IMC, and against IMC.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Objection to Claim and Impose Sanctions be, and the same is hereby, granted in part and denied in part, and the Motion to Strike is denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion as it relates to the imposition of sanctions be, and the same is hereby, granted, and International Medical Centers, Inc., and Norman Stallings be, and the same are hereby, ordered to pay Earl P. Myhree the sum of $500.00 within 15 days of the date of this order. It is further

ORDERED, ADJUDGED AND DECREED that should International Medical Centers, Inc., and Norman Stallings fail to pay the sum of $500.00 to Earl P. Myrhee within 15 days of the date of this Order, then Earl P. Myrhee be, and the same is hereby, granted leave to apply to this Court for an Order to Show Cause to International Medical Centers, Inc., and Norman Stallings, why they should not be held in contempt of this Court for failure to pay said sum as ordered by this Court.