**In re the GRAND HOTEL LIMITED PARTNERSHIP, Debtor.**

**In re G.H.C. DEVELOPMENT CORP., Debtor.**

**No. 90–6575–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 7, 1990.

Bart A. Houston, Ft. Lauderdale, Fla., for Grand Hotel Ltd. Partnership.

Richard G. Chosid, Ft. Lauderdale, Fla., for G.H.C. Development Corp.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER AFFIRMING BANKRUPTCY COURT

This cause comes before the Court upon Appellant, Richard G. Chosid's Appeal from the Orders of the Bankruptcy Court finding Appellant in Contempt of Court and Ordering Sanctions against him.

### *Background*

In April, 1988, Robert Marlin instituted a foreclosure action in Broward County Circuit Court. The complaint sought to foreclose real property located in Broward County, Florida. The foreclosure proceedings named both the Grand Hotel Limited Partnership ("Grand Hotel") and G.H.C. Development Corporation ("G.H.C."), its general partner, as defendants.

On June 26, 1989, Grand Hotel filed its bankruptcy petition and a suggestion of bankruptcy resulting in a stay of the foreclosure sale scheduled in the Broward County Circuit Court action. On August 1, 1989, the Court entered an Agreed Order Releasing Stay, authorizing Marlin to reschedule the foreclosure sale in the Broward County Circuit Court. On October 10, 1989, after several delays in implement-

ing the foreclosure sale, Grand Hotel filed its Motion to Reinstate the Automatic Stay and to Enforce the Settlement Agreement. Following a hearing on this Motion, on October 16, 1989, the Bankruptcy Court entered its written Order on Debtor's Motion to Reinstate Automatic Stay. Said Order stated that the "foreclosure sale currently set for October 17, 1989 at 11:00 A.M. shall be held at 1:45 P.M. on that same day."

On Sunday, October 15, 1989, Roman Moreth, director and sole shareholder of G.H.C., sought the assistance of Attorney Richard G. Chosid in connection with G.H.C. Moreth advised Chosid that G.H.C. owned a 1% interest in the Grand Hotel real estate located at 2800–2900 East Las Olas Boulevard, Fort Lauderdale, Florida. Moreth was concerned that G.H.C. would lose its 1% interest in the property. On October 16, 1989, Chosid filed a bankruptcy petition on behalf of G.H.C.

On October 17, 1989, Chosid completed preparation of G.H.C.'s Bankruptcy Petition and Suggestion of Bankruptcy. Although the Suggestion of Bankruptcy alleged that a true and correct copy of the Bankruptcy Petition was attached, said copy was not attached. Mr. Moreth, apparently against Appellant's wishes, showed the Suggestion of Bankruptcy to counsel for Marlin. This resulted in the Suggestion of Bankruptcy being given to the clerk and, subsequently, the cancellation of the foreclosure sale.

On October 26, 1989, Marlin filed his Motion for Contempt, and/or Sanctions and to Reschedule Sale, alleging that Chosid's conduct in this matter was a direct violation of the October 16, 1989 Order on Debtor's Motion to Reinstate Automatic Stay. An emergency hearing on Marlin's Motion was held on October 30, 1989. Chosid was out of the country, did not receive notice of the hearing, and was not present at the hearing.

On October 31, 1989, the Bankruptcy Court entered its Order to Show Cause Directed to Chosid and Moreth, ordering Chosid to show cause why he should not be held in contempt and sanctions should not

be imposed against him. A hearing on this Order was held on November 6, 1989. On November 8, 1989, the Bankruptcy Court entered Orders for Contempt and Sanctions Directed Against Chosid. On November 10, 1989, Chosid filed his Motion for Rehearing on the Order to Show Cause directed to him. The Bankruptcy Court denied this Order on April 26, 1990. Chosid now appeals from these three Orders.

### Discussion

Bankruptcy Rule 9011 defines the standard conduct an attorney or party must comply with before signing any petition, pleading, motion or paper. Rule 9011 states in pertinent part:

> The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

11 U.S.C. R.9011(a) (1984 & Supp.1990).

■ The rule places an affirmative duty on the attorney or party to investigate the facts and the law prior to the subscription and submission of any pleading, motion or paper. *See In re Medical One, Inc.*, 68 B.R. 150, 152 (Bankr.M.D.Fla. 1986). The investigation must be a reasonable one—reasonableness should be determined in light of the situation existing, and the facts known at the time the pleading, motion or paper is submitted.

Moreover, Bankruptcy Rule 8013 provides:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless *clearly erroneous*, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

11 U.S.C. R.8013 (1984 & Supp.1990) (emphasis added).

■ In *Cooter & Gell v. Hartmarx Corp.*, the United States Supreme Court found that the issues relevant to a determination of whether an attorney has violated Rule 11, Federal Rules of Civil Procedure, involve "fact-intensive, close calls." *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, —, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). Consequently, assuming that Bankruptcy Rule 8013 is applicable to the instant case, the standard of review is whether the lower court's determination was clearly erroneous. The clearly erroneous standard set forth above requires the appellate court to uphold any bankruptcy court determination that falls within a broad range of permissible conclusions. *See Id.* 110 S.Ct. at 2458.

■ Alternatively, the instant case may be analyzed under Rule 11, Federal Rules of Civil Procedure. The language of Bankruptcy Rule 9011 substantially mirrors the language of Rule 11. *Compare* 11 U.S.C. R. 9011(a) *with* Fed.R.Civ.P., R. 11. Accordingly, the case law interpreting Rule 11 is equally applicable to claims brought under Bankruptcy Rule 9011.

■ Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> Every pleading, motion, and other paper of a party ... shall be signed by at least one attorney of record.... A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to

the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper including a reasonable attorney's fee.

Fed.R.Civ.P., R. 11.

Rule 11 indicates that the district court is empowered to exercise its discretion in determining an appropriate sanction. *Cooter & Gell v. Hartmarx Corp.*, — U.S. —, —, 110 S.Ct. 2447, 2458, 110 L.Ed.2d 359 (1990). An appellate court will only overturn the district court's decision if the district court abused its discretion in imposing a sanction under Rule 11. In *Cooter*, the Supreme Court stated:

> When an appellate court reviews a district court's factual findings, the abuse of discretion and clearly erroneous standards are indistinguishable: A court of appeals would be justified in concluding that a district court had abused its discretion in making a factual finding only if the findings were clearly erroneous.

*Id.* Consequently, although the standard of review under Rule 11 is abuse of discretion, said standard is synonymous with the Bankruptcy Rule clearly erroneous standard articulated in Rule 8013.

■ In sum, whether a district court evaluates a Rule 9011 review under the standard enumerated in Bankruptcy Rule 8013 or under the standard articulated by the Supreme Court in *Cooter*, the result is the same. In the instant case, the Bankruptcy Court found Appellant's conduct in violation of Rule 9011. Appellant makes several spurious arguments that the Bankruptcy Court's determination was clearly erroneous and, thus, an abuse of discretion. The undersigned disagrees. The Bankruptcy Court's conclusion is supported by the record—it is solidly within "the broad range of permissible conclusions" contemplated by the United States Supreme Court.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Appellant's Appeal from the Contempt Order and Order for Sanctions is DENIED—the holding of the Bankruptcy Court is AFFIRMED. Moreover, the Bankruptcy Court's imposition of $27,133.68 in lost interest and $10,000 in attorney's fees is supported by the record. Finally, there is no need for oral argument to facilitate the resolution of this matter.

DONE AND ORDERED.